### STEINER v. J. P. STOTTER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7463. Decided Oct. 11, 1926

257. COMMISSIONS—Where purchaser of real estate is vice-president of two corporations, one a material and supply company and the other a realty holding company for the first, a broker who received offer for sale of land from vice president of material company, is entitled to commission, even though rival broker sells to vice-president of realty holding company, when seller knew of and ought to have known he was dealing with substantially the same purchaser.

**First Publication of this Opinion**

SULLIVAN, J.

This cause comes into this court on error from the Cleveland Municipal Court wherein, the J. P. Stotter Co., recovered a judgment of $1000 from Frederick W. Steiner based upon the claim that under the terms of the contract the company, as real estate brokers, procured for certain property of Steiner, a purchaser who was ready, able and willing to carry out the terms of the contract of sale agreed upon.

The defense is made that the company did not procure the purchaser under the terms of the contract, that the purchaser was procured by another agency, unconnetced with the company, and that the property was sold to a purchaser with whom the company was unconnected.

The facts were that the purchaser in both cases was vice-president of two corporations, one a material company, and the other a real estate holding company for the material company; and the directors, etc. were identical. The Stotter Company submitted a bid of $20,000 mentioning at the time their clients name and that he was vice-president of the Material Company. The contract of brokerage called for $28,000. Later the land was sold at $20,000 by a rival concern and while it is true that a smaller parcel was included at $8,000, it would not defeat recovery of the larger parcel in absence of mutual agreement. The Court of Appeals held:

1. Therefore the claim made by Steiner that the second transaction in which the conveyance of both properties was made to the Material Realty Co., was an entirely different one is untenable, for the reason that there was no agreement that the fee for the broker was conditional upon the sale of the property as a consolidated tract and as a single transaction.

2. Steiner claimed that he had no knowledge of the identity of the actual purchaser but from the record it is shown that he either knew or by reasonable diligence and care should have known of the identity of the purchaser.

3. This fact, whether it be inferential or otherwise, in the record, we think makes inapplicable to the case at bar, the case of Stowe v. Regenstein, 14 OA. 165.

4. Under the pleadings in this case, all that was required for the Company to recover was to satisfy the record with credible evidence, even though in conflict with other evidence in the case, that under the terms of the contract with Steiner the company procured a purchaser of the property who was ready, able and willing to consummate the transaction under the terms agreed upon.

5. If, in the second transaction, when the sale was consummated, it was to the same purchaser secured by the Company, at the same price, and under the same terms, then even though the closing of the sale was made by a second agent, the Company would be entitled to recover its commission, because it had established, by credible evidence upon all the essential elements of the contract, his right to recover.

6. Where an agent is, by contract, to be compensated for finding a purchaser for real estate, and procures a person who is ready, willing and able to contract or take the property on the terms prescribed by his principal, he cannot be deprived of his right to compensation by reason of the fact that the sale is effected through another agent.

Judgment affirmed.

(Levine, PJ., Vickery, J., concur.)

Attorneys—Goulder, White & Carry for Steiner; Mooney, Hahn, Loeser & Keough for Company; all of Cleveland.